Colin CLARK, Petitioner-Appellant,

v.

LOUISIANA STATE PENITENTIARY and Attorney General, State of Louisiana, Respondents-Appellees.

No. 81–3792.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1983.

---

Richard E. Shapiro, Div. of Public Interest Advocacy, Dept. of Public Advocate, Trenton, N.J., for petitioner-appellant.

Kay Kirkpatrick, John W. Sinquefield, Asst. Dist. Atty., Baton Rouge, La., for respondents-appellees.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion December 7, 1982, 5 Cir., 1982, 694 F.2d 75)

Before INGRAHAM, REAVLEY and POLITZ, Circuit Judges.

REAVLEY, Circuit Judge:

We have set aside petitioner's conviction for first degree murder because of the requirements of the Fourteenth Amendment. We only mentioned the problem of the death sentence and the Eighth Amendment because of the overlapping error and the recent decision in *Enmund v. Florida,* —— U.S. ——, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). We do not suggest that the Fourteenth Amendment forbids a state from defining criminal culpability so as to allow an assumed or deemed assent to the act of a coconspirator in a different crime. There is no bar in the Fourteenth Amendment against the crime of felony murder. When, however, the state law defines the crime to include a state of mind actively desiring that death or great bodily harm occur to another, the trial court may not lighten the state's burden, or dispense with that essential element of the crime, by converting the crime into felony murder.

Louisiana has made specific subjective intent to kill an essential element of the crime of first degree murder. La.Rev. Stat.Ann. §§ 14:30, 14:10(1). In *State v. Holmes,* 388 So.2d 722 (La.1980) the same erroneous argument was presented to the jury as was made in the present case, and the Louisiana Supreme Court said (because the statutory requirement of specific intent means that the offender must have subjectively desired the prohibited result):

Contrary to the claims of the district attorney, where specific intent is required, one co-conspirator does not necessarily act as the agent for the other. The state has as to the accused on trial the burden of proving his specific intent beyond a reasonable doubt.

388 S.2d at 727.

In the trial of Colin Clark the court instructed the jury to the contrary, and thereby denied him due process of law.

The state prosecutor compounds his error below by stating in his motion for rehearing to us that "it is obvious that this panel considered Colin Clark to be the one who actually committed the murder .... [and] by its own admission, found Colin Clark guilty of first degree murder." The panel did state that evidence in the record tended to prove Clark's guilt, but we went on to say, and now repeat, that no one is convicted of a crime merely because evidence exists against him. Having pleaded not guilty, Colin Clark may be convicted only by a jury, upon a verdict of guilt beyond a reasonable doubt, under instructions in accord with the law of Louisiana and the United States Constitution. This having been denied to Colin Clark, his conviction may not stand.

The petition for rehearing is denied and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for rehearing en banc is DENIED.