94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
La Vern Patrick ROGERS, Petitioner-Appellant,
v.
Kenneth R. MORGAN, Warden, Respondent-Appellee.
 No. 95-3491.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1996.*
Decided Aug. 14, 1996.
 
 Before RIPPLE, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 La Vern Patrick Rogers and three other men, Robert Allen Cranmore, Brian Curtis Rolf, and Robert Prihoda, were charged in 1975 by the state of Wisconsin with the murder of Milwaukee police officer Dennis O'Bradovich. All four defendants were tried together and convicted of first-degree murder and multiple counts of armed robbery (four in Rogers' case), and were each sentenced to life imprisonment. Rogers, Cranmore, and Rolf appealed, and the Court of Appeals of Wisconsin affirmed. Cranmore v. State, 271 N.W.2d 402 (Wis.App.1978).[1] In 1991, Rogers filed a motion for state post-conviction relief. The denial of the motion was affirmed in part, and remanded in part for further proceedings. State v. Rogers, 498 N.W.2d 912 (table), (Wis.App.1992), review denied, 501 N.W.2d 457 (table) (Wis.1993). After further proceedings, the motion was again denied, and the denial was affirmed on appeal. State v. Rogers, 532 N.W.2d 469 (table), (Wis.App.), review denied, 537 N.W.2d 572 (table) (Wis.1995). Rogers then filed a federal petition pursuant to 28 U.S.C. § 2254. The petition was dismissed, and Rogers appeals. We affirm.[2]
 
 
 2
 Rogers argues that the party-to-a-crime instruction given to the jury is unconstitutional because it permitted a co-conspirator to be held liable for a crime regardless of whether he had the intent to commit that crime. He relies on the opinions of the Fifth Circuit in Clark v. Louisiana State Penitentiary, 694 F.2d 75 (5th Cir.1982), reh'g denied, 697 F.2d 699 (5th Cir.1983). In Clark, a first degree murder case, a jury instruction stated that "[e]ach conspirator in a conspiracy is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise." 694 F.2d at 76. The Fifth Circuit held that this instruction violated due process by relieving the state's burden to prove specific intent to kill, and putting the burden on the defendant. Id. at 77 (citing Mullaney v. Wilbur, 421 U.S. 684 (1975); Sandstrom v. Montana, 442 U.S. 510 (1979)). Clark concluded that, in effect, the trial court had converted the crime of first degree murder into felony murder. 697 F.2d at 700.
 
 
 3
 However, assuming that Clark was decided correctly, it does not help Rogers, because party-to-a-crime liability is not equivalent to felony murder liability. The Fifth Circuit in Clark was concerned that a jury would deem intent for "not only those acts foreseeable and necessary to the [common] enterprise but also a wanton act of murder." 694 F.2d at 76. By contrast, the jury in Rogers's case was instructed to find conspiracy liability for a crime that was not an object of the conspiracy only if that crime was committed "in pursuance" of the intended crime and as a "natural and probable consequence" of the intended crime.[3] As recognized by the district court, such an instruction is proper under the rule of Pinkerton v. United States, 328 U.S. 640 (1946). See, e.g., United States v. Thomas, 86 F.3d 647, 651 n. 6 (7th Cir.1996); United States v. McKenzie, 922 F.2d 1323, 1330 & n. 3 (7th Cir.1991), cert. denied, 502 U.S. 854 (1991). Several circuits have concluded that due process constrains the application of the Pinkerton doctrine where the relationship between the defendant and the substantive offense is slight. United States v. Castaneda, 9 F.3d 761, 766 (9th Cir.1993) (collecting cases), cert. denied, 114 S.Ct. 1564 (1994). We may assume arguendo that our circuit would impose a similar due process limit on conspiracy liability, given our court's recognition that a conspirator may not be found guilty of a substantive crime under Pinkerton if the crime " 'could not be reasonably foreseen as a necessary or natural consequence of the unlawful agreement.' " United States v. Diaz, 864 F.2d 544, 549 (7th Cir.1988) (quoting Pinkerton, 328 U.S. at 648), cert. denied, 490 U.S. 1070 (1989). But, because there was abundant evidence that Rogers should have foreseen that a member of the conspiracy might kill someone in committing or escaping from the robbery, see Cranmore, 271 N.W.2d at 425 (summarizing the evidence of Rogers's intent to kill), a claim that Rogers could not foresee the potential consequences of pursuing the conspiracy must fail.
 
 
 4
 Rogers's double jeopardy claim is related to his due process claim, and fails for similar reasons. Rogers argues that once the jury found proof of his guilt for the armed robbery that was the object of the conspiracy, it did not need proof of any additional facts to find him guilty for the other crimes; all that the jury was required to know under the party-to-a-crime instruction was that the other crimes were "the natural and probable consequences" of the first crime. In Rogers view, this means that his conviction for more than one crime violates double jeopardy. Rogers bases his argument mainly on State v. Gordon, 330 N.W.2d 564 (Wis.1983). In Gordon, the Supreme Court of Wisconsin found that kidnapping was a lesser-included offense of second-degree felony murder, which in that case required that the killing be "a natural and probable consequence" of the kidnapping. Id. at 564-65 & n. 1. Once again Rogers is suggesting that party-to-a-crime liability is the functional equivalent of felony murder liability. Unlike the situation in Gordon, however, Rogers's liability for certain crimes was not predicated on his liability for other crimes. The facts necessary to prove that Rogers or his co-conspirators committed one crime were not entirely inclusive of the facts necessary to prove that they committed any of the other crimes. Therefore, conviction for more than one of these crimes does not violate double jeopardy.
 
 
 5
 Rogers's third claim is that his trial counsel acted unprofessionally and thus provided ineffective assistance by conceding guilt on one of the counts of armed robbery at closing argument. Trial counsel explained his strategy to the trial court at a post-conviction hearing, and the trial court found his explanation credible. See Rogers, 1995 WL 128499 at * 2. As the district court and Wisconsin Court of Appeals (id.) both concluded, this strategy was reasonable. Moreover, the trial court found credible trial counsel's testimony that Rogers agreed to this strategy. Id. We defer to the trial court's credibility findings, Sprosty v. Buchler, 79 F.3d 635, 643 (7th Cir.1996), petition for cert. filed (U.S. Jun. 21, 1996) (No. 95-9393), and we agree that trial counsel's strategy was reasonable.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Prihoda escaped from prison and was not a party to his co-defendants' direct appeal. After his eventual recapture, Prihoda filed twice for state collateral relief. Relief was denied, and so he filed a petition for federal habeas corpus relief. That too was denied. Prihoda v. McCaughtry, 910 F.2d 1379 (7th Cir.1990)
 
 
 [2]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (Pub.L. 104-132, 110 Stat. 1214). Title I of this Act significantly curtails the scope of federal habeas corpus review. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, because, even under the more expansive scope of review permitted prior to the Act, the petitioner in this case is not entitled to federal habeas corpus relief
 
 
 [3]
 Both our court and the district court have had only Rogers's petition for the text of the instruction, and in the petition a portion of the instruction is garbled: "If a person is a party to a conspiracy with others to commit a crime and if during pursuance of such others [sic] and under the circumstances the crime committed is a natural and probable consequence of the intended crime," then that person is guilty of the crime committed. However, in two other portions of the instruction, the jury was instructed that guilt required a finding, respectively, that the co-conspirator's crime was "committed in pursuance of the intended crime" and that the co-conspirator's act was "committed in the execution of the common design." Even assuming that the garbled portion correctly states what was said to the jury, the jury would have concluded from the instruction as a whole that a finding of conspiracy liability required both that the other crime was committed in pursuance of the intended crime and was a natural and probable consequence of the intended crime